2017028979

Prepared by and Return to:
Dependable Title Services of Florida, Inc.
Darci Thompson
4865 N. Wickham Road, Suite 103
Melbourne, Florida 32940
Our File Number: 17-5721
Property Appraiser Parcel ID Number:
36-26-19-0150-00E00-0860

Rcpt: 1842223   Rec:  86.50
DS:1071.00      IT:    0.00
03/02/2017   eRecording

PAULA S. O'NEIL, Ph.D. PASCO CLERK & COMPTROLLER
03/02/2017   11:00 AM 1 of 10
OR BK **9503** PG **2417**

## SPECIAL WARRANTY DEED

THIS INDENTURE, made this 28th day of February, 2017, between **Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2013-1**, whose mailing address is: c/o Selene Finance LP, 9990 Richmond Avenue South # 400, Houston, Texas 77042, hereinafter called the Grantor, and **Ping Li, a married person,** whose mailing address is: 16323 Ashington Park Dr, Tampa, Florida 33647, hereinafter called the Grantee,

(Wherever used herein the terms "Grantor" and "Grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations, partnerships (including joint ventures), public bodies and quasi-public bodies.)

W I T N E S S E T H: That said Grantor, for and in consideration of the sum of $153,000.00 DOLLARS and other valuable considerations, receipt whereof is hereby acknowledged, does hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto Grantee, his/her/their heirs and assigns, the following described property, towit:

**Lot 86, Block E, Northwood Units 4B and 6B, according to the plat thereof as recorded in Plat Book 42, Pages 55, 56 and 57, of the Public Records of Pasco County, Florida.**

Subject, however, to all covenants, conditions, restrictions, reservations, limitations, easements and to all applicable zoning ordinances and/and restrictions and prohibitions imposed by governmental authorities, if any.

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD the same in fee simple forever.

AND the Grantor hereby covenants with the Grantee, that Grantor is lawfully seized of said land in fee simple; that the Grantor has good right and lawful authority to sell and convey said land; that the Grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons claiming by, through or under the Grantor.

See attached Exhibit A - Signing Authority

IN WITNESS WHEREOF, the said Grantor has caused this instrument to be executed in its name by its duly authorized officer and caused its corporate seal to be affixed the day and year first above written.

Signed, sealed and delivered
in the presence of:

_____
Witness signature

Connie Baker
Print witness name

_____
Witness signature
Jaimee Cook
Print witness name

Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2013-1
By: Selene Finance LP, a Delaware Limited Partnership, Its Attorney-in-Fact

By: _____
Print Name: Jan Blank
Title: Assistant Vice President

State of Texas
County of Harris

THE FOREGOING INSTRUMENT was acknowledged before me this ___6___ day of February, 2017 by ___Jan Blank___, as ___Assistant Vice President___ of Selene Finance LP, a Delaware Limited Partnership, on behalf of said entity, who is personally known to me or who has produced _____ as identification.

_____
Notary Public
Carmen Alicia Figueroa
Print Notary Name

My Commission Expires: 3·10·2018

Notary Seal

CARMEN ALICIA FIGUEROA
Notary ID # 129741895
My Commission Expires
March 10, 2018

## ACTION OF THE GENERAL PARTNER
## OF SELENE FINANCE LP
## (a Delaware Limited Partnership)

### Effective as of April 29, 2015

Pursuant to the authority granted by the Amended and Restated Limited Partnership Agreement of Selene Finance LP, (the "Partnership") dated September 28, 2007, as amended (the "Agreement"), this resolution is hereby adopted, executed, and agreed to by **Selene Ventures GP LLC**, a Delaware limited liability company, as the general partner (the "General Partner") of the Partnership. The General Partner hereby consents to, approves and adopts the following actions and resolutions and directs that this written consent (this "Consent") be maintained in the books and records of the General Partner and the Partnership:

1. This Consent shall be deemed effective as of April 29, 2015.

2. **Executive Officers**. Each individual listed on the Schedule below is hereby appointed, or his/her earlier appointment is hereby re-confirmed, to the position opposite such person's name (each, an "Executive Officer") on such schedule.

| Name | Title |
|---|---|
| Larry B. Litton, Jr. | Chief Executive Officer |
| Karen Bellezza | President |
| Shane Ross | Chief Operating Officer |
| Brian Stauffer | Executive Vice President |
| Charles E. Halko, Jr. | Chief Financial Officer |
| Shane Leonard | Chief Information Officer |

(a) Each Executive Officer shall have the power and authority to authorize the terms and conditions, and execute and deliver in the name of the Partnership, any instrument, document or agreement relating to any "Executive Officer Action".

(b) As used herein, an "Executive Officer Action" shall mean authorizing the terms and conditions and executing and delivering any of the following:

(i) Instruments, documents or agreements which may be found necessary, proper, or expedient to be executed in conducting the business of the Partnership, including bid letters, letters of intent, servicing agreements, confidentiality and non-disclosure agreements;

(ii) Leases for office space occupied by the Partnership and its employees and any contracts or agreements, including settlement agreements, obligating the Partnership to monetary obligations not to exceed $100,000.00, *provided however, such contracts or agreements referred to in the preceding sentence have received the prior approval of the General Partner, if necessary, as such limitations on approval are more clearly*

*defined in the Amended and Restated Limited Partnership Agreement of the Partnership.*

(iii)   Notwithstanding anything to the contrary in the foregoing Section 2(b)(ii), it is hereby further resolved that Larry B. Litton, Jr. and Karen Bellezza shall have the sole authority to execute contracts or agreements that obligate the Partnership to monetary obligations that <u>exceed</u> $100,000.00, *provided, however, such contracts or agreements referred to in the preceding sentence have received the prior approval of the General Partner, if necessary, as such limitations on approval are more clearly defined in the Amended and Restated Limited Partnership Agreement of the Partnership.*

(c)   Each Executive Officer shall also have the power and authority to perform any action hereinafter designated to an Officer of the Partnership.

3. **Officers.** Each individual listed on the Schedule below is hereby appointed, or his/her earlier appointment is hereby re-confirmed, to the position opposite such person's name (each, an "<u>Officer</u>") on such schedule:

| Name | Title |
|---|---|
| Joseph Laigaie | Senior Vice President |
| Mary McGrath | Senior Vice President |
| Dan Shimmin | Senior Vice President |
| Gena K. Thornton | Senior Vice President |
| Jack D. Webb, Jr. | Senior Vice President |
| Paul Waligura | Senior Vice President |
| Mark Wilkinson | Senior Vice President |
| Theresa Mullen | Senior Vice President |
| Chris McWeeny | *Senior Vice President, Risk Management\** |
| Donna Brammer | Vice President |
| Andrew Farkas | Vice President |
| Gina Gray | Vice President |
| Tonya Higginbotham | Vice President |
| Walt Kieschnick | Vice President |
| Janet Koenig | Vice President |
| Ellen Lachicotte | Vice President |
| Donna Leonard | Vice President |
| Pam Mandeville | Vice President |
| Jitesh Patel | Vice President |
| Megan Purtell | Vice President |
| William Halladay | Vice President |
| James Schreffler | Vice President |
| Keith Wood | *Vice President, Information Security Officer\** |

| Wesley Workman | Vice President |
|---|---|

(a)     Each Officer shall have the power and authority to authorize the terms and conditions, and execute and deliver in the name of the Partnership, any instrument, document or agreement relating to any Officer Action.

(b)     As used herein, an "Officer Action" shall mean authorizing the terms and conditions and executing and delivering any of the following documents *in connection with any mortgage loan serviced in the name of the Partnership, on its own behalf or in a fiduciary or agency capacity for an affiliate or third party:*

    (i)     Deeds and conveyances of any real or personal property;

    (ii)    Leases of real and personal property (including those in which a security interest in personal property is granted);

    (iii)   Any and all documents and agreements relating to an individual mortgage loan including, but not limited to, matters relating to the application for HUD insurance;

    (iv)    Any endorsement of mortgage notes and/or assignment of security instruments (mortgages, deeds of trust, security deeds, etc.) relating to real estate loans held by the Partnership, either in its own behalf or in a fiduciary or agency capacity;

    (vi)    Full or partial releases, subordinations and satisfactions of security instruments (mortgages, deeds of trust, security deeds, etc.) and modifications thereto relating to residential mortgage loans held by the Partnership, either in its own behalf or in a fiduciary or agency capacity;

    (vii)   Any contract for insurance or the retention of independent contractors, including without limitation, real estate brokers, property appraisers or property managers: and

    (viii)  Any endorsement of checks and other items payable to the Partnership for deposit

(c)     Further, an "Officer Action" hereunder shall also include the authority to authorize the terms and conditions, and execute and deliver contracts and other binding agreements and related documents between the Partnership and its affiliates, vendors, and/or third parties that do not exceed $25,000.00 per annum. Contracts and agreements that financially obligate the Partnership to fees in excess of $25,000.00 require the approval of an Executive Officer.

(d)     Notwithstanding the foregoing, Officers whose names and titles are reflected with an asterisk and the title *"Vice President, Risk Management*"* and *"Vice President, Information Security Officer*"* shall have the power and authority to execute and deliver in the name of the Partnership documents including but not limited to, certifications, statements, affidavits, and attestations, pertaining to examinations, audits, site reviews and inquiries.

(e)     Each Officer shall also have the power and authority to perform any and all actions hereinafter designated to any Junior Officer of the Partnership.

4. **Junior Officers**. Each individual listed on the Schedule below is hereby appointed to the position opposite such person's name (each, a "Junior Officer") on such schedule:

| Name | Title |
| --- | --- |
| Dawn Berry* | *Assistant Vice President, Foreclosure and Bankruptcy** |
| Jan Blank* | *Assistant Vice President, REO Manager** |
| Jason Burr* | *Assistant Vice President, Title and Escrow** |
| Angela Capling* | *Assistant Vice President, Foreclosure and Bankruptcy** |
| Lorri Beltz* | *Assistant Vice President, Foreclosure and Bankruptcy** |
| Joe Jaret* | *Assistant Vice President, REO Manager** |
| Elnara McDowell* | *Assistant Vice President, Claims Management** |
| Irisa Staggers* | *Bankruptcy Manager** |
| Stephanie McDaniel* | *Claims Manager** |
| Anthony Daddona* | *Foreclosure Manager** |
| Chris Davis* | *Foreclosure Manager** |
| Leslie Simmons* | *Foreclosure Manager** |
| Susan Steiner* | *Foreclosure Manager** |
| Leticia Aguilar | Assistant Vice President |
| Kevin Blackwell | Assistant Vice President |
| Brandi Cottrell | Assistant Vice President |
| Nigel Laddie | Assistant Vice President |
| Ray Rodriguez | Assistant Vice President |
| Elizabeth Willard* | Assistant Vice President |

(a)     Junior Officers shall not have the authority to execute and deliver any instrument, document or agreement in the name of the Partnership, unless authorized pursuant hereto, or pursuant to an individual special resolution.

(b)     Permitted Junior Officer Actions.

(i)     Notwithstanding the foregoing, the Junior Officers whose names and titles are reflected with an asterisk and the title *"Assistant Vice President, Foreclosure and Bankruptcy*"*, *"Foreclosure Manager*"* and *"Bankruptcy Manager*"* shall have the power and authority to execute and deliver in the name of the Partnership, *on its own behalf or in a fiduciary or agency capacity for an affiliate or third party:* any instrument,

document or agreement relating to any "Junior Officer Foreclosure and Bankruptcy Action".

(a) As used herein, a "Junior Officer Foreclosure and Bankruptcy Action" shall mean executing and delivering any of the following documents in connection with any mortgage loan serviced in the name of the Partnership, *on its own behalf or in a fiduciary or agency capacity for an affiliate or third party:* documents reasonably found to be necessary, proper or expedient in connection with the (a) default, collection, liquidation or foreclosure of any residential mortgage loan, including but not limited to affidavits of default, foreclosure deeds, (b) the bankruptcy of the mortgagor(s) under any residential mortgage loan, (c) the appointment of any successor or substitute trustee under a deed of trust mortgage, and (d) assignment(s) of Security Instruments and note allonges.

(ii) Notwithstanding the foregoing, the Junior Officers whose names and titles are reflected with an asterisk and the title **"Assistant Vice President, Title and Escrow*"** and **"Assistant Vice President, REO Manager*"** shall have the power and authority to execute and deliver in the name of the Partnership, *on its own behalf or in a fiduciary or agency capacity for an affiliate or third party:* any instrument, document or agreement relating to any "Junior Officer Title and Escrow Action" or "Junior Officer REO Action".

(a) As used herein, "Title and Escrow Action" and "REO Action" shall mean executing and delivering any of the following documents in connection with any mortgage loan and/or real estate owned asset serviced in the name of the Partnership, *on its own behalf or in a fiduciary or agency capacity for an affiliate or third party:* (a) instruments, documents and agreements relating to the modification, subordination, full or partial release and satisfaction of security instruments related to residential mortgage loans (i.e. mortgages, deeds of trust, deeds or similar documents, collectively "Security Instruments"), or real estate (i.e. grant, warranty or quitclaim deeds); (b) assignment(s) of Security Instruments, note allonges; (c) conveyances of any real or personal property; (d) leases pertaining to real estate owned assets; and (e) any contract for the retention of real estate brokers, property appraisers or property managers.

(iii) Notwithstanding the foregoing, the Junior Officers whose names and titles are reflected with an asterisk and the title **"Assistance Vice President, Claim Management*"** shall have the power and authority to execute and deliver in the name of the Partnership, *on its own behalf or in a fiduciary or agency capacity for an affiliate or third party:* warranty deeds, substitute trustee deeds, deeds transferring title into the name of HUD, its secretary, or such other entity as required pursuant to claims management.

5. **Assistant Secretaries.** Each individual listed on the Schedule below is hereby appointed, or his/her earlier appointment is hereby re-confirmed, to the position opposite such person's name (each, an "Assistant Secretary") on such schedule:

| Donna Brammer | Assistant Secretary |
| Joe Jaret | Assistant Secretary |
| Megan Purtell | Assistant Secretary |

| | |
|---|---|
| Gena Thornton | Assistant Secretary |
| Andrea Wellons | Assistant Secretary |

(a)     Each Assistant Secretary shall have the power and authority to attest any document, instrument or agreement executed by any Executive Officer, Officer or a Junior Officer in connection with any Executive Officer Action, Officer Action or Junior Officer Action which requires an attestation.

6. **Limited Signing Officers**. Each individual listed on the Schedule below is hereby appointed to the position opposite such person's name (each, a "Limited Signer") on such schedule:

| Name | Title |
|---|---|
| Andrea Wellons | Corporate Appearances Manager |
| Mamie Clark | Contested Default Case Manager |
| Pete Rhoden | Litigation Manager |
| Cherie Davis | Litigation Specialist |
| Faye Flowers | Litigation Specialist |
| Amy Intorcia | Litigation Specialist |
| Donna LoMonaco | Litigation Specialist |
| Mesha Williams | Litigation Specialist |
| Shay Winebarger | Litigation Specialist |
| Faye Arnold | Asset Manager, Loss Mitigation |
| Clifford Flash | Asset Manager, Loss Mitigation |
| Aurelia Henry | Asset Manager, Loss Mitigation |
| Dennis Matlack | Asset Manager, Loss Mitigation |
| Charles Myrtetus | Asset Manager, Loss Mitigation |
| Tasha Nunn | Asset Manager, Loss Mitigation |
| Robert Pilarski | Asset Manager, Loss Mitigation |
| James Schreffler | Asset Manager, Loss Mitigation |
| Bernard Turner | Asset Manager, Loss Mitigation |
| Kevin Wardlow | Asset Manager, Loss Mitigation |
| Irisa Staggers | Bankruptcy Manager |
| Cedric Small | Contested Foreclosure Manager |
| Lucy Babik | Contested Foreclosure Specialist |
| Monica Fayne | Contested Foreclosure Specialist |
| Robert Raulerson | Contested Foreclosure Specialist |
| Elaine Willison | Contested Foreclosure Specialist |
| Almira Diaz | Legal Title Specialist |
| Liz Stewart | Legal Title Specialist |
| Eileen Cardone | REO Asset Manager |
| Crystal Cone | REO Asset Manager |
| James Courtney | REO Asset Manager |
| Brad Currie | REO Asset Manager |
| Scott Emery | REO Asset Manager |

| | |
|---|---|
| Roman Flores | REO Asset Manager |
| Jammahl Francis | REO Asset Manager |
| Gerald Goad | REO Asset Manager |
| Staci Goad | REO Asset Manager |
| Jason Jones | REO Asset Manager |
| Jaren Morris | REO Asset Manager |
| Ilsa Ortega | REO Asset Manager |
| Magaly Robins | REO Asset Manager |
| Raul Romero | REO Asset Manager |
| Carolina Rosenbaum | REO Asset Manager |
| Chris Sayer | REO Asset Manager |
| Laura Stang | REO Asset Manager |
| Justin Stevenson | REO Asset Manager |
| Miguel Vasquez | REO Asset Manager |
| Lance Snedden | REO Asset Manager |

(a) Each Limited Signer whose title consists of "**Manager – Legal Department**", "**Corporate Appearances Manager**", "**Litigation Specialist**", "**Legal Title Specialist**", "**Contested Foreclosure Manager**" or "**Contested Default Case Manager**" shall have the authority to execute such documents which may be found necessary, proper or expedient in defending or resolving litigation, or curing title defects related to mortgage loans in which the Partnership has an obligation to defend such litigation, either on its own behalf or in a fiduciary or agency capacity, including, without limitation, interrogatories, affidavits, and settlement agreements. Notwithstanding the foregoing, the act of executing settlement agreements on behalf of an investor or owner of mortgage loans for whom the Partnership acts in a fiduciary, agent or servicing capacity, must receive the prior written approval and consent of such investor or owner party before such settlement agreement is signed on its behalf.

(i) Limited Signers whose title consists of "**Manager – Legal Department**", "**Corporate Appearances Manager**", "**Litigation Specialist**", "**Contested Foreclosure Manager**" or "**Contested Default Case Manager**" may not execute settlement agreements on behalf of the Partnership where the Partnership itself is financially contributing to the settlement. Such settlements shall be signed by an Executive Officer pursuant to the Executive Officer Actions herein.

(b) Each Limited Signer whose title consists of "**Asset Manager, Loss Mitigation**" shall have the authority to execute and deliver Loss Mitigation Affidavits on behalf of the Partnership.

(c) Each Limited Signer whose title consists of "**Contested Foreclosure Specialist**" shall have the authority to execute and deliver such documents which may be found necessary, proper or expedient in addressing and resolving contested foreclosure matters related to mortgage loans in which the Partnership has an obligation to address, resolve or

respond to such contestation, including, without limitation, discovery requests, interrogatories, and affidavits.

(i) Limited Signers whose title consists of **"Contested Foreclosure Specialist"** may not execute settlement agreements.

(d) Each Limited Signer whose title consists of **"REO Asset Manager"** shall have the authority to execute and deliver listing agreements and real estate purchase contracts, including extensions and addendums thereto, which may be found necessary, proper or expedient in connection with the sale of real estate owned assets ("*REO Assets*") in which the Partnership has an obligation to sell, either on its own behalf or in a fiduciary or agency capacity, such REO Assets. Notwithstanding the foregoing, the execution of the documents contemplated in this Section 6(d) shall not deviate from (i) the authority granted to the Partnership by the true owner/investor of the REO Asset(s) pursuant to a separate servicing agreement (or equivalent document) and exhibits, side letters, and schedules thereto and (ii) the list price and net offer approved in writing by the true owner/investor of the REO Assets.

7. **Removal**. The General Partner may remove any Executive Officer, Officer, Junior Officer, Assistant Secretary or Limited Signer at any time with or without cause or reason. Each Executive Officer, Officer, Junior Officer, Assistant Secretary or Limited Signer shall be deemed to have resigned as an officer of the Partnership contemporaneously with the separation of such individual's employment with the Partnership, and such resignation shall be effective on the date of such separation of employment without any further action by the Limited Partnership or any other person.

**IN WITNESS WHEREOF**, the undersigned duly authorized officer of Selene Ventures GP LLC has executed this Action of the General Partner on behalf of such company, solely in such capacity and not with any personal liability, on this 29th day of April, 2015. Any actions taken by the undersigned in her capacity as President of the General Partner prior to the effective date of this Consent is hereby confirmed, approved and ratified.

*GENERAL PARTNER*:

**SELENE VENTURES GP LLC**, a Delaware limited liability company

By: /s/ Karen Bellezza
Name: Karen Bellezza
Title: President
Dated: April 29, 2015