UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
**TAMPA DIVISION**

UNITED STATES OF AMERICA				CASE NO: **8:24-CR-334**

Vs.

**PING LI**

_____/

**SENTENCING MEMORANDUM**

**COMES NOW**, the Defendant, **PING LI**, by and through his undersigned attorney and hereby files his sentencing memorandum:

**Introduction**

Defendant Ping Li submits this Memorandum with respect to a number of issues related to his sentencing.

**The Guilty Plea**

Mr. Ping Li plead guilty to Count One of the indictment pursuant to a plea agreement. Count One charges the defendant with Conspiracy to Act as an Agent of the Foreign Government without Prior Notification to the Attorney General.

**The Application of 18 U.S.C. Section 3553 (a)**

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

Ping Li was born on December 15th, 1964, in People's Republic of China. Mr. Li moved to the United States 30 years ago and became a United States Citizen 16 years ago. Mr. Li has been married for 30 years. He was employed with Verizon for 30 years, when Verizon sold to Infosys's he remained on for 2-3 year. Mr. Li has no criminal history.

Mr. Li has two children aged 30 and 17. Both reside in the Middle District of Florida. His 30-year-old daughter is a Biostatistician. His wife is a realtor. The Li's own their home and several other investment properties. Mr. Li holds a master's degree in mathematics. He does return to China once a year to visit family including his mother who is 80 years old.

Mr. Li attended High School and College in China where he befriended a fellow student. That student was later employed by the People's Republic of China MSS. The two friends kept in touch and continued to meet over time whenever Mr. Li would visit his family in China. Their relationship was social. They also continued to communicate by electronic communications, text messages and phone calls.

Over time the MSS Officer introduced Mr. Li to a friend who was also employed with the Peoples Republic of China. The two MSS officers began asking Mr. Li various questions about life in the United States and the exchange ultimately led to request for information largely available on any google search. The information sought included the following:

a) Information regarding a religious Anti-Chinese dissident group.

b) Training Applications used by Mr. Li's employer, Verizon, for new employees.

c) Publicly available information regarding several politicians.

d) Surveillance technologies available on google searches.

Mr. Li maintains that he is not a supporter of the Chinese Government. The following facts are relevant:

a) Mr. Li never expressed an intent to represent the Chinese Government or a principal thereof.

b) He has never received payment from any entities or individuals in China as compensation for information he provided to MSS agents.

c) Mr. Li has never advocated publicly on behalf of or in support of the Chinese Government or principals thereof.

    d) Mr. Li has not sought to advance Chinese interest through or by communication with the United States Government officials, politicians or agencies.

    e) Mr. Li has not engaged in political activities on behalf of China or a Chinese Principal.

    f) Mr. li has not acted as a foreign principal public relations counsel or political consultant.

    g) Mr. Li has not Solicited, collected or disbursed money for the Chinese Government.

    h) Mr. Li has not represented Chinese Government before any United States Agency or Government Office.

**The Purposes of Sentencing**

Section 3553(a)(2) lists four purposes of sentencing, which can be summed up as: (1) just punishment; (2) deterrence; (3) protection of the public; and (4) rehabilitation. Under the parsimony principle, the sentence in this case should be the minimum necessary to accomplish the listed purposes. See § 3553(a); *Lacy*, 99 F. Supp. 2d at 119.

Mr. Ping Li has fully cooperated with law enforcement, pleaded guilty and has accepted responsibility for his conduct. Mr. Li was debriefed for over 8 hours and was truthful and transparent with government agents.

Virtually all of the information provided to MSS employees was readily and publicly available by simple google search.

**The Kinds of Sentences Available**

Mr. Ping Li has entered a plea of guilty to Conspiracy to Act as an Agent of the Foreign Government without Prior Notification to the Attorney General. The maximum term of imprisonment is Not More than 5 years imprisonment/$ 250,000 fine.

**The Need to avoid unwarranted disparities.**

The Government has provided the court with a summary of past cases and sentences imposed that support the government's request for a 48-month sentence and a $ 250,000.00 fine. The government's reliance on those cases is not convincing. Each of the cases cited in the government's memorandum involves conduct significantly more egregious than the conduct in this case. Moreover, the fines imposed in these cases represent a fraction of the fine sought by the government in this case.

For Example:

In The Cabrera Fuentes cases cited on Page 6 of the government's memorandum, involved the alleged planned assassination of a Russia Agent that had defected. The defendant received a 60-month sentence.

In the U.S.A. Doostdar also cited on Page 6, the defendant recruited additional co-conspirators to provide information to a foreign government.

In the U.S. v Peng cited in the footnote at page 6. The defendant acted as a courier of "classified information" for Chinese Intelligence agents. The defendant was sentenced to 48 months.

In U.S. v Chun, footnote page 6, the defendant sold sensitive FBI information to Chinese Intelligence. The defendant received 24 months.

In U.S. v Lin, Footnote Page 6, The defendant smuggled unaccompanied luggage into China without the knowledge of its contents. The defendant received 5 years' probation.

In U.S. Yao, Footnote Page 6, the defendant provided the Chinese Government with "non-Public" information. The defendant was sentenced to 14 months.

In U.S. v Zhang, Footnote Page 6, the defendant was provided cash to provide information to the Peoples Republic of China.

The fine sought by the government is excessive and unreasonable. The fine requested far exceeds any fine previously imposed on any similarly situated defendant, even those accused of conduct far more egregious than Mr. Li.

A sentence to probation with no fine would satisfy the provisions of 18 USC section 3553.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing with the clerk of court using the CM/ECF system which will send notice of electronic of filing to counsel of record.

    **/s/ Daniel J Fernandez, Esq**
**DANIEL J. FERNANDEZ, ESQ**
625 E. Twiggs Street.
Tampa, FL 33602
Florida Bar: 295371
(813) 229-5353