# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.

PING LI

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 8:24-cr-334-SDM-NHA
USM Number: 26364-511

Daniel J. Fernandez, Retained

The defendant, who pleaded guilty to Count One of the Indictment, is adjudicated guilty of this offense:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 371 and 951(a) | Conspiracy to Act as an Agent of a Foreign Government | July 17, 2024 | One |

As provided in this judgment, the defendant is sentenced in accord with 18 U.S.C. § 3553(a) and the Sentencing Reform Act of 1984, to the extent applicable after *United States. v. Booker*, 543 U.S. 220 (2005).

Count Two of the Indictment is dismissed in accord with the plea agreement.

Until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid, the defendant must notify the United States Attorney for this district within thirty days after any change of name, residence, or mailing address If ordered to pay restitution, the defendant must notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Sentence imposed on November 25, 2024

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

November 25th, 2024

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons for imprisonment for **FORTY-EIGHT MONTHS**.

The Court recommends to the Bureau of Prisons:

- Housing the defendant at FCI Coleman or FCI jesup.

The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons **on or before January 8, 2025** as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

The defendant was delivered to _____

on _____ and was given a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

AO 245B (Rev. 09/19) Judgment in a Criminal Case

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant must serve **THREE YEARS** on supervised release.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state, or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. The mandatory drug testing requirements of the Violent Crime Control Act are suspended. However, the defendant must submit to random drug testing not to exceed two tests per week.
5. The defendant must cooperate in the collection of DNA as directed by the Probation Officer.
6. The defendant must comply with the standard conditions adopted by the Middle District of Florida.
7. Also, the defendant must comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. The defendant must report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, the defendant will receive instructions from the court or the Probation Officer about how and when the defendant must report to the Probation Officer, and the defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when the defendant must report to the Probation Officer, and the defendant must report to the Probation Officer as instructed.
3. The defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. The defendant must answer truthfully the questions asked by your Probation Officer
5. The defendant must live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), the defendant must notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, the defendant must notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. The defendant must allow the Probation Officer to visit you at any time at your home or elsewhere, and the defendant must permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment the defendant must try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), the defendant must notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. The defendant must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, the defendant must notify the Probation Officer within **72 hours**.
10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and the defendant must comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.
13. The defendant must follow the instructions of the Probation Officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand that I can find further information about these conditions at *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____  Date:_____

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant must be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

2. The defendant must provide the Probation Officer access to any requested financial information.

3. The defendant must submit to a search of your person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You must inform any other residents that the premises may be subject to a search pursuant to this condition.

4. The defendant must refrain from engaging in any employment where he would have access to sensitive government information.

5. The defendant must have no contact with any foreign agents.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accord with the schedule of payments.

| Assessment | Restitution | Fine | AVAA Assessment | JVTA Assessment |
|---|---|---|---|---|
| $100.00 | $0 | $250,000.00 | N/A | N/A |

## SCHEDULE OF PAYMENTS

In accord with his ability, the defendant must pay the total criminal monetary penalties as follows:

Special Assessment must be paid in full and is due immediately.

The fine must be paid in full and is due immediately.

Unless expressly ordered otherwise in the special instructions above and if this judgment imposes imprisonment, the defendant must pay a criminal monetary penalty and during the time of imprisonment. A criminal monetary penalty, except a payment, through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are payable to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

The defendant must receive credit for any previous payment toward any criminal monetary penalty imposed.

Payments must apply in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.